UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANVRIN HOLDINGS LTD, et al.,<br><br>       Plaintiff(s),<br><br>  v.<br><br>DR. OLIVER HILSENRATH, et al.,<br><br>       Defendant(s).<br>─────────────────────────<br>OLIVER HILSENRATH and HANA HILSENRATH,<br><br>       Counterclaimants,<br><br>  v.<br><br>JANVRIN HOLDINGS LTD., et al.,<br><br>       Counterdefendants.<br>─────────────────────────| No.  C02-1068 CW (BZ)<br><br>**ORDER SCHEDULING HEARING** |

    **IT IS HEREBY ORDERED** that pursuant to the Court's discretion under Rule 55(b)(2) of the Federal Civil Rules of Civil Procedure, a hearing on counterclaimants' motion for default judgment is set for **Wednesday, May 2, 2007, at 10:00 a.m.** in Courtroom G, 15th Floor, Federal Building, San

1

1  Francisco, California, 94102.

2  Counterclaimants should be prepared to clarify the legal
3  bases for their claims.  A threshold issue in awarding a
4  default judgment is determining whether the well pleaded
5  factual allegations of the counterclaim establish
6  counterdefendants liability on a valid legal claim.  The
7  difficulty here is that the counterclaim contains more
8  conclusory allegations than factual allegations.  For example,
9  the only named counterdefendants are Janvrin Holdings Limited,
10 Crossgar Limited, and Ryburn Limited.  They are described as
11 shell companies held in a discretionary trust of which Equity
12 Trust is trustee.  The trust document is not attached and
13 there is no factual explanation of what counterclaimants mean
14 by shell company or discretionary trust.  The bulk of the
15 factual allegations in the counterclaim are directed against
16 Equity Trust, which is not named as a counterdefendant.  The
17 counterclaim does not explain factually on what basis the
18 shell companies can be held liable for the acts of the trustee
19 and the papers filed in support of the motion for default
20 judgment do not explain as a matter of law why such liability
21 exists.  Accordingly, the Hilsenraths should be prepared at
22 this hearing to explain what facts alleged in the counterclaim
23 establish each counterdefendant's liability.

24 Counterclaimants should also be prepared to prove their
25 damages by competent testimony or other admissible evidence.
26 If they intend to prove damages by affidavits or declarations,
27 the affiant or declarant should have personal knowledge of all
28 matters to which she testifies.  For all evidence, a proper

2

foundation must be established.  For an explanation of the evidentiary requirements for proving damages in a default case, the parties are encouraged to consult Chapter Six of *Civil Procedure Before Trial* by William W. Schwarzer, A. Wallace Tashima, and James M. Wagstaffe.

    Counterdefendants should attend the hearing if they contest the validity or amount of the claim.  Seven days before the hearing, on **Wednesday, April 25, 2007**, counterclaimants shall file a declaration setting forth in detail all steps taken to serve counterdefendants with notice of this hearing.

Dated: March 29, 2007

                                       Bernard Zimmerman
                               United States Magistrate Judge

G:\BZALL\-REFS\HILSENRATH\ORDER.Sch.Heearing.wpd