IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, and RYBURN LIMITED,<br><br>    Plaintiffs,<br><br>  v.<br><br>DR. OLIVER HILSENRATH,<br><br>    Defendant.<br>_____/<br>DR. OLIVER HILSENRATH and HANA HILSENRATH,<br><br>    Counterclaimants,<br><br>  v.<br><br>JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, and RYBURN LIMITED,<br><br>    Counterdefendants.<br>_____/ | No. C 02-1068 CW<br><br>AMENDED ORDER ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: COUNTERCLAIMANTS' MOTION FOR ENTRY OF DEFAULT JUDGMENT |

    On May 18, 2007, Magistrate Judge Bernard Zimmerman submitted his Report and Recommendation regarding Counterclaimants' motion for default judgment.  No opposition to the Report and Recommendation has been filed.

Having reviewed the Report and Recommendation, and good cause appearing therefor:

The Court adopts the Report and Recommendation except for the amount of damages. Magistrate Judge Zimmerman recommends awarding a total of $10,182,500 in damages based on the following: $3 million in cash paid by Oliver Hilsenrath to Counterdefendants in settlement of the underlying lawsuit; 750,000 options of U.S. Wireless Corporation stock valued at $2,182,500 granted to Counterdefendants in settlement of the underlying lawsuit; $2.5 million in general damages to Oliver Hilsenrath, representing the monetary value of the loss of his job and the large portion of his wealth that he attributes to Counterdefendants' acts; and $2.5 million in damages for emotional distress to Hana Hilsenrath.

After reviewing the Hilsenraths' declarations that Magistrate Judge Zimmerman considered, the Court awards a total of $5,282,500. The Court finds that Oliver Hilsenrath fails to plead or otherwise provide evidence of a causal connection between Counterdefendants' tortious acts and the loss of his job and wealth. Similarly, the Court finds that Hana Hilsenrath fails to plead or otherwise provide evidence of a causal connection between Counterdefendants' tortious acts and her emotional distress. Both sets of damages can also be attributed to other difficulties, including Oliver Hilsenrath's concurrent criminal prosecution and his guilty plea to securities fraud and tax evasion. The Court awards Oliver Hilsenrath $50,000 in general damages and Hana Hilsenrath $50,000 in damages for emotional distress. Prejudgment interest on the $5,182,500 in damages related to the settlement of the underlying

2

lawsuit is awarded at a rate of seven percent per annum from the date the settlement was paid through the date of entry of judgment. See Cal. Const., art. XV, § 1; Cal. Civil Code § 3287(a).

The Hilsenraths have also filed a "Clarification as to the Report and Recommendation" in which they state their "wish to maintain the option" to bring a motion to join Equity Trust as a Counterdefendant in the future. However, the Court has already denied the Hilsenraths' motion to join Equity Trust. Absent grounds warranting reconsideration and leave of the Court as required by Civil Local Rule 7-9, Counterclaimants may not renew a motion which has already been denied.

IT IS SO ORDERED.

Dated: 7/26/07

CLAUDIA WILKEN
United States District Judge

3