IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, and RYBURN LIMITED, | No. C 02-1068 CW |
| Plaintiffs, | ORDER DENYING COUNTERCLAIMANTS' MOTION TO ALTER OR AMEND THE JUDGMENT |
| v. | |
| DR. OLIVER HILSENRATH, | |
| Defendant. | |
| DR. OLIVER HILSENRATH and HANA HILSENRATH, | |
| Counterclaimants, | |
| v. | |
| JANVRIN HOLDINGS LIMITED, CROSSGAR LIMITED, and RYBURN LIMITED, | |
| Counterdefendants. | |

On July 18, 2007, the Court entered an order adopting in part and modifying in part Magistrate Judge Bernard Zimmerman's Report and Recommendation regarding Counterclaimants' motion for default

judgment.[1]  On July 23, 2007, Counterclaimants filed a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  However, part of the motion relates to language in the Order regarding the report and recommendation that does not impact the final judgment.  To the extent Counterclaimants seek to amend language in the Order that does not impact the final judgment, the Court deems the motion to be a motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9 and DENIES it.  To the extent the motion seeks to amend the final judgment, the Court DENIES it.

BACKGROUND

The Court adopted the Report and Recommendation "except for the amount of damages."  July 18, 2007 Order at 2.  The Court found that "Oliver Hilsenrath fails to plead or otherwise provide evidence of a causal connection between Counterdefendants' tortious acts and the loss of his job and wealth."  Id.  Therefore, the Court reduced the amount of general damages awarded to Oliver Hilsenrath "representing the monetary value of the loss of his job and the large portion of his wealth that he attributes to Counterdefendants' acts" from $2.5 million to $50,000.  Id.  Further the Court found that "Hana Hilsenrath fails to plead or otherwise provide evidence of a causal connection between Counterdefendants' tortious acts and her emotional distress."  Id.  Therefore, the Court reduced the amount of damages for emotional distress awarded to Hana Hilsenrath from $2.5 million to $50,000.

---

[1]The Court entered an amended order on July 26, 2007 correcting a typographical error at page 2, line 27.

2

Id.  The Court found that both Oliver Hilsenrath's general damages and Hana Hilsenrath's emotional distress damages "can also be attributed to other difficulties, including Oliver Hilsenrath's concurrent criminal prosecution and his guilty plea to securities fraud and tax evasion."  Id.

DISCUSSION

I.   Motion for Reconsideration

Civil Local Rule 7-9(a) states as follows: "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  A request for leave to file a motion for reconsideration may only be granted if the moving party shows:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

In the order on the report and recommendation, the Court noted that the Hilsenraths had filed a "Clarification as to the Report and Recommendation."  The Court understood that document to express an interest in bringing a future motion to join Equity Trust as a Counterdefendant.  The Court noted that it had already denied such a motion and informed the Hilsenraths that absent grounds warranting reconsideration and leave of the Court pursuant to Civil Local Rule 7-9, they may not renew any motion which has already been denied.  The Hilsenraths now object to the Court's order,

3

arguing that they were expressing their interest in seeking a motion to substitute Equity Trust as a Counterdefendant pursuant to Federal Rule of Civil Procedure 25.

In its order regarding the report and recommendation, the Court did not rule on any motion related to Equity Trust, nor did it state that the Hilsenraths may not pursue any motion which they have not yet made.  Rather, the Court reiterated its earlier ruling that the Hilsenraths may not join Equity Trust as a defendant and stated that the Hilsenraths could not renew a motion that had already been denied.  Therefore, Counterclaimants motion for leave to file a motion for reconsideration is denied with respect to the Court's statements related to Equity Trust.[2]

II.  Motion to Amend

Federal Rule of Civil Procedure 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."  Fed. R. Civ. P. 59(e).  Rule 59(e) motions are interpreted as motions for reconsideration and are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial

---

[2] In their "Objection 4", the Hilsenraths state, "The court has included in its order unfair, prejudicial and uninformed statements regarding the case USA v. Hilsenrath."  Motion at 6.  They state that clarifications are included in the declaration appended to the motion.  However, the Court is not able to determine to which statements the Hilsenraths object.  Therefore, Counterclaimants motion for leave to file a motion for reconsideration is denied with respect to the Court's reference to Oliver Hilsenrath's criminal prosecution.  To the extent the Court's comments regarding the prosecution are related to the Court's decision to modify the report and recommendation, they are discussed below.

4

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 59(e) does not allow parties to revisit previously traveled legal terrain. Demasse v. ITT Corp., 915 F. Supp. 1040, 1048 (D. Ariz. 1995) (noting a motion seeking reconsideration of a summary judgment under Rule 59(e) "may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment").

Counterclaimants seek to amend the judgment to adopt Judge Zimmerman's recommendation regarding damages in full.

A.   David Dahan Declaration

Counterclaimants first argue that the Court improperly found that "Oliver Hilsenrath fails to plead or otherwise provide evidence of a causal connection between Counterdefendants' tortious acts and the loss of his job and wealth" and therefore improperly reduced Oliver Hilsenrath's claim for general damages from $2.5 million to $50,000. July 28, 2007 Order at 2. Counterclaimants argue that a declaration signed by David Dahan, who identifies himself as a financial advisor who had a financial interest in Janvrin, "proves unequivocally malicious intent and applicable award of exemplary damages." Motion at 3. However, this argument fails for two reasons.

First, contrary to Counterclaimants' assertion, the Court was unable to locate the Dahan declaration in the materials presented to Magistrate Judge Zimmerman and Counterclaimants provide no

5

reason that the declaration, which is dated April 28, 2007, was not presented with their declarations in support of their motion for entry of default. Next, Magistrate Judge Zimmerman did not recommend awarding any exemplary damages. See Report and Recommendation at 6-7.

B. Attribution of Damages to Other Difficulties

Counterclaimants next contest the Court's statement that the general damages claimed by Oliver Hilsenrath and the emotional distress damages claimed by Hana Hilsenrath "can also be attributed to other difficulties, including Oliver Hilsenrath's concurrent criminal prosecution and his guilty plea to securities fraud and tax evasion." July 18, 2007 Order at 2. Counterclaimants argue that the alleged tortious acts "occurred between the years 2000 and 2001, while the government prosecution started more than two years later in 2003, and the plea occurred recently in 2007." Motion at 3. Therefore, Counterclaimants argue that the Court's reduction of their general and emotional distress damages to $50,000 is improper because "There can be no causal influence of later events on the torts of 2001." Id.

Counterclaimants misunderstand the Court's order. The Court did not state that the criminal prosecution and guilty plea could have caused the alleged torts. Rather, the Court stated that the criminal prosecution and guilty plea were among the other factors that could have caused the damages Counterclaimants claim based on those torts.

CONCLUSION

For the foregoing reasons, the Court DENIES Counterclaimants'

6

motion to alter or amend the judgment (Docket No. 298).[3]

IT IS SO ORDERED.

Dated: 9/20/07

CLAUDIA WILKEN
United States District Judge

---

[3] Counterclaimants also state that they petition the Court sua sponte to recuse itself from this case and any other proceedings related to them "if it believes it cannot act impartially and without prejudice with respect to Hana and Oliver Hilsenrath." Motion at 7. They state that they "are concerned that in her role as delegate to the governments of the Palestinian Territories, [the undersigned] might have adopted significant criticism of the Israeli defense establishment of which Mr. Hilsenrath was part of as a career executive." Id. at 8. A judge "shall disqualify himself [or herself] in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for disqualification is an objective one: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983). Counterclaimants have not demonstrated that the undersigned's impartiality could reasonably questioned.